DUCKER, JUDGE:
Claimants, S. J. Groves & Sons Company, a corporation, and Tur-man Construction Company, a corporation, were awarded by The West Virginia Department of Highways on January 20, 1964 a contract for the grading, drainage, and paving in the construction of Projects Nos. 1-64-1(41)6 Contract 1, and U-322(3) Contract 1, Cabell County, West Virginia, known as a part of Interstate Highway 64. Upon completion of the work the claimants were paid a total sum of $3,889,506.84, but said payment was accepted by the claimants subject to claimants’ right to prosecute before this Court their claim for $1,327,721.71 for numerous alleged items which were disallowed by the respondent, and one item asking for a refund of the amount of the assessment of liquidated damages by the respondent against the claimant for delayed fulfillment and completion of the contract.
After the decision of this Court in the case of Tri-State Stone Company v. W. Va. Department of Highways, Claim No. D-219, decided *126 on February 3, 1972, in which this Court held that the State could not be held responsible for delays occasioned by the failure of public utility companies in the performance of their duties in removing or relocating utility appurtenances involved in the project, the claimants amended their petition herein, reducing their claim to $23,940.00 as the amount unjustly assessed against them as liquidated damages for delay in completing the project and $14,464.45 as the cost of replacing base and shoulder stone which claimants had not agreed to replace, making the total amount of claimants’ amended claim $38,-404.45.
The many allegations of the original claim are denied by the respondent in its answer; and we need consider only those hereinbefore specified as contained in the amended petition, and which are covered by a stipulation executed by the respondent and the claimants, and filed in this Court on April 3, 1972, whereby all items of the original claim were to be considered withdrawn except the two items specified in the amended claim, namely, one relating to the work done in replacing stone and the other seeking a cancellation of the assessment of liquidated damages and the refunding of the amount of the deduction of the same from the final estimate. The respondent by said stipulation specifically admits liability for said two items in the total sum of $38,404.45.
Inasmuch as the respondent has admitted the two items of the claim as being just and that the same should be paid, this Court sees no reason to question either the admission or the facts upon which the respondent has acted, and it appearing that the agreement of the parties as so stipulated is a fair one and should be accepted and confirmed, we hereby award the claimants the sum of $38,404.45.
Award of $38,404.45.